# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT S. HARRIS,** | CASE NO. 1:22-CV-01906 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **DONLEY'S INCORPORATED,** | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

## INTRODUCTION

*Pro se* Plaintiff Robert S. Harris filed this action against his former employer Donley's Incorporated aka Donley's Inc. Plaintiff contends Defendant should not have withheld income taxes from his wages. He does not assert any particular legal cause of action, but seeks $10,000,000.00 in damages for stress and emotional and physical harm. Defendant filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6), asserting that Internal Revenue Code 26 U.S.C. § 3403 provides an employer with immunity from suits for damages by employees claiming wrongful withholding. For the reasons stated below, the Motion to Dismiss (ECF No. 6) is granted and this action is dismissed.

## BACKGROUND

Plaintiff was employed by Defendant prior to October 27, 2016. As an employee, Defendant required Plaintiff to complete a W-4 tax withholding form. Plaintiff indicates he does not believe he is subject to federal income taxation because he is neither a business nor the owner of commercial property and does not believe he meets the Internal Revenue Code

definition of an employee under 26 U.S.C.A. § 3401(c). Based on this belief, he completed the W-4 form indicating he was exempt from withholding. Defendant submitted that form to the Internal Revenue Service ("IRS"). The IRS disagreed with Plaintiff's assessment of his taxation status and determined he was not entitled to the exemption. The IRS further selected Plaintiff for its Withholding Compliance Program, which required Defendant to withhold taxes at the highest withholding rate (single) with no allowances. The IRS informed both Plaintiff and Defendant of its decision and ordered Defendant to begin this withholding on the first pay period after December 26, 2016. Plaintiff claims that Defendant should not have withheld taxes from his wages, despite the Order from the IRS. He cites no legal cause of action in his Complaint, but contends the Defendant should pay damages for mental harm and stress caused by the withholding of taxes from his wages.

## STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A claim has "facial plausibility" when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). This "… plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. The determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

Plaintiff does not assert a legal cause of action, and none is apparent on the face of the Complaint. To meet federal notice pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff provides some limited factual information and expresses his disagreement with the IRS's interpretation of the Internal Revenue Code. He then states that the Defendant should have ignored the Order of the IRS to withhold taxes from his wages and, therefore, is liable to him for emotional damages. Plaintiff does not point to a single statute that allows him to sue his employer for withholding taxes, and does not specify any other cause of action. Plaintiff has not met the minimum notice pleading requirements of Federal Civil Procedure Rule 8.

Furthermore, the Internal Revenue Code prohibits a suit of this kind by an employee against the employer for withholding taxes from an employee's wages. Internal Revenue Code 28 U.S.C. § 3402 requires employers to withhold federal income taxes and states that the IRS may notify the employer that an employee is not exempt from withholding or is not entitled to

the number of allowances the employee requested. Section 3403 makes the employer liable to the IRS for failing to follow the IRS's Order concerning the denial of the employee's requested exemption or allowances. The latter also immunizes the employer from liability to the employee for following the IRS's withholding instructions. Pursuant to this statute, employees have no cause of action against employers to recover wages withheld and paid to the IRS to satisfy income tax liability. *Scroggins v. Washington,* No. 2:21-CV-219, 2022 WL 292253, at *3-4 (W.D. Mich. Feb. 1, 2022); *Beerbower v. United States*, 592 F. Supp. 67, 68 (E.D. Mich. 1984), aff'd, 787 F.2d 588 (6th Cir. 1986); *Pascoe v. IRS*, 580 F. Supp. 649, 654 (E.D. Mich. 1984), aff'd, 755 F.2d 932 (6th Cir. 1985).

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED and this action is DISMISSED. Plaintiff's Motion for Summary Judgment (ECF Nos. 1, 14), Motion to Rescind and Replace and Exhibit (ECF No. 21) and Petition for Declaratory Judgment on Plaintiff Motion for Summary Judgment (ECF No. 24) are denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 26, 2023

*[Signature: Charles Fleming]*

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE